IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSE ANTONIO MANCILLA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15cv313-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. INTRODUCTION

Before the court is petitioner Jose Antonio Mancilla's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 2.[1] On May 31, 2011, Mancilla pled guilty under a plea agreement to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). After a sentencing hearing on August 12, 2011, the district court sentenced Mancilla to 37 months in prison, to be followed by three years of supervised release. Mancilla, a Mexican citizen, contends that he pleaded guilty without understanding that his conviction carried a risk of deportation. Doc. No. 2 at 4–5.

The government argues that Mancilla's § 2255 motion is barred from review because it was filed after expiration of the one-year federal limitation period. *See* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); 28 U.S.C. § 2255(f). Upon review of the pleadings, the evidentiary materials, and the applicable law, the court

---

[1] References to document numbers ("Doc. No.") are to those assigned by the clerk of court in this civil action. All page references are to those assigned by CM/ECF.

concludes that Mancilla's § 2255 motion should be denied and this case dismissed because the motion was not filed within the time allowed by federal law.

## II. DISCUSSION

The timeliness of Mancilla's § 2255 motion is governed by 28 U.S.C. § 2255(f). That section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mancilla was sentenced on August 12, 2011. The district court entered a judgment on August 16, 2011. No direct appeal followed. By operation of law, Mancilla's judgment of conviction became final on August 30, 2011, upon expiration of the time for him to file a direct appeal—i.e., 14 days after the district court's entry of judgment. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); Fed.R.App.P. 4(b)(1)(A). Mancilla

then had one year, specifically until August 30, 2012, in which to file his § 2255 motion. Mancilla did not file his § 2255 motion until April 20, 2015. Therefore, his § 2255 motion is untimely under 28 U.S.C. § 2255(f)(1).

Mancilla does not argue that, under 28 U.S.C. § 2255(f)(2), (3), or (4), some triggering event other than the date on which his judgment of conviction became final should control the limitation period in his case. He makes no claim that some unconstitutional governmental action impeded him from filing his § 2255 motion at an earlier date. *See* 28 U.S.C. § 2255(f)(2). Nor does he argue that his claim for relief rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3).[2] He also does not suggest that the facts supporting his claim could not have been put forth earlier under the exercise of due diligence. *See* 28 U.S.C. § 2255(f)(4).[3]

Finally, Mancilla does not offer anything to demonstrate that equitable tolling should be applied in his case. As the Supreme Court has reaffirmed, a petitioner is entitled

---

[2] Section 2255(f)(3) allows a petitioner to file a § 2255 motion within a year after the date on which the Supreme Court newly recognized the right asserted in the motion, if that right has been made retroactively applicable on collateral review. In *Padilla v. Kentucky*, 559 U.S. 356, 364–74 (2010), the Supreme Court held that an attorney provides ineffective assistance of counsel by failing to inform a client that a guilty plea carries a risk of deportation. *Padilla* does not apply retroactively to cases on collateral review. *Chaidez v. United States*, 133 S.Ct. 1103, 1110–13 (2013). Moreover, Mancilla was sentenced before *Padilla* was decided, and he did not file his § 2255 motion within one year after the decision in *Padilla*.

[3] "Since Section 2255(f)(4) is predicated on the date that "*facts* supporting the claim" could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period." *Madaio v. United States*, 397 F. App'x 568, 570 (11th Cir. 2010) (emphasis in original). Therefore "a court decision in a case not involving the petitioner [does not] constitute a 'fact' for purposes of § 2255(f)(4)." *Newman v. United States*, 2014 WL 1047113, at *3 n.13 (M.D. Ala. Mar. 18, 2014) (citing *Madaio*, 397 F. App'x at 569–70; *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006)).

3

to equitable tolling of the limitation period "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Mancilla does not meet that burden.

Under the circumstances outlined, § 2255(f)(1) provides the limitation period applicable to Mancilla's § 2255 motion. That limitation period expired on August 30, 2012, over two years before Mancilla filed his § 2255 motion. Consequently, Mancilla's § 2255 motion is time-barred, and his claim for relief is not subject to review on the merits.[4]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before May 3, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28

---

[4] The court notes that, at the change of plea hearing, the Magistrate Judge asked Mancilla if he understood that his guilty plea might affect his residency or his status with immigration authorities, and Mancilla told the court that he understood. Doc. No. 8-3 at 7.

U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 18th day of April, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge